**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
_____
                          (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Pennsylvania Real Estate Investment Trust |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 23-6216339 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 2005 Market Street, Suite 1000 | |
| Number       Street | Number       Street |
| | P.O. Box |
| Philadelphia          PA          19103 | |
| City                State      ZIP Code | City                State      ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Philadelphia County | |
| County | Number       Street |
| | |
| | City                State      ZIP Code |

5. **Debtor's website** (URL)          www.preit.com

Debtor  **Pennsylvania Real Estate Investment Trust**
_____Name_____

Case number *(if known)*_____

---

**6.  Type of debtor**

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☑ Other. Specify: ___Trust_____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5311__  __  __

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☑ A plan is being filed with this petition.

☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor    Pennsylvania Real Estate Investment Trust
_____Name_____    Case number *(if known)*_____

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☐ No
☑ Yes.  District _____ Delaware _____  When __11/01/2020__  Case number __20-12737__
                                                                MM / DD / YYYY

If more than 2 cases, attach a separate list.

        District _____  When _____  Case number _____
                                                        MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☑ Yes.  Debtor __See Annex 1_____  Relationship _____

List all cases. If more than 1, attach a separate list.

        District _____  When _____
                                                                MM  /  DD  / YYYY
        Case number, if known  _____

11. **Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

        **Why does the property need immediate attention?** *(Check all that apply.)*

        ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
            What is the hazard? _____

        ☐ It needs to be physically secured or protected from the weather.

        ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

        ☐ Other _____

        **Where is the property?**_____
                                    Number        Street
                                    _____

                                    _____
                                    City                                State ZIP Code

        **Is the property insured?**

        ☐ No
        ☐ Yes. Insurance agency _____

                Contact name    _____

                Phone           _____

**Statistical and administrative information**

Debtor  __Pennsylvania Real Estate Investment Trust__  Case number (if known)_____
              Name

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☑ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☑ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __12/10/2023__
              MM  / DD / YYYY

✘ /s/ Lisa Most                                  Lisa Most
Signature of authorized representative of debtor   Printed name

Title __Executive VP / General Counsel__

Debtor    Pennsylvania Real Estate Investment Trust
　　　　　Name                                              Case number (if known)_____

**18. Signature of attorney**    ✖ /s/  R. Craig Martin              Date        12/10/2023
　　　　　　　　　　　　　　 Signature of attorney for debtor                    MM    / DD  / YYYY

　　　　　　　　　　　　　　 R. Craig Martin
　　　　　　　　　　　　　　 Printed name
　　　　　　　　　　　　　　 DLA Piper LLP (US)
　　　　　　　　　　　　　　 Firm name
　　　　　　　　　　　　　　 1201 North Market Street  Suite 2100
　　　　　　　　　　　　　　 Number      Street
　　　　　　　　　　　　　　 Wilmington                              DE        19801-1147
　　　　　　　　　　　　　　 City                                    State      ZIP Code

　　　　　　　　　　　　　　 +1 302 468 5700                         craig.martin@s.dlapiper.com
　　　　　　　　　　　　　　 Contact phone                           Email address

　　　　　　　　　　　　　　 5032                                    DE
　　　　　　　　　　　　　　 Bar number                              State

Official Form 201A (12/15)

Debtor:  Pennsylvania Real Estate Investment Trust                    Case Number (if known):  _____

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1.   If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is ___001-06300___.

2.   The following financial data is the latest available information and refers to the debtor's condition on ___September 30, 2023___.

| | | |
|---|---|---|
| a. | Total assets | $1,717,955,000 |
| b. | Total debts (including debts listed in 2.c. below) | $1,994,045,000 |
| c. | Debt securities held by more than 500 holders | |

Approximate number of holders:

| | | | | |
|---|---|---|---|---|
| secured ___ | unsecured ___ | subordinated ___ | $_____ | _____ |
| secured ___ | unsecured ___ | subordinated ___ | $_____ | _____ |
| secured ___ | unsecured ___ | subordinated ___ | $_____ | _____ |
| secured ___ | unsecured ___ | subordinated ___ | $_____ | _____ |
| secured ___ | unsecured ___ | subordinated ___ | $_____ | _____ |

| | | |
|---|---|---|
| d. | Number of shares of preferred stock (inclusive of Series B, C and D) | 15,350,000 |
| e. | Number of shares of common stock | 5,340,996 |

Comments, if any:  Total assets and total debts listed above are in accordance with the Debtor's unaudited financial statements as of September 30, 2023, as set forth in the Debtor's Form 10-Q filed on November 14, 2023.  The Debtor's Form 10-Q lists the consolidated total assets and total liabilities of the Debtor and its Debtor affiliates and non-Debtor subsidiaries, with all intercompany transactions eliminated in consolidation. To the Debtor's knowledge, the shares of stock listed above are those outstanding as of September 30, 2023.

3.   Brief description of debtor's business:  PREIT is a leading publicly traded real estate investment trust, specializing in the ownership and management of differentiated shopping malls.

4.   List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
John R. Saunders; Cygnus Capital Inc.

**Annex 1**

**(Alphabetical List of Debtors)**

|     | Debtor Name | Case No. | EIN |
|-----|-------------|----------|-----|
| 1.  | Bala Cynwyd Associates, L.P. | | 8913 |
| 2.  | Moorestown Mall LLC | | 8051 |
| 3.  | Pennsylvania Real Estate Investment Trust | | 6339 |
| 4.  | Plymouth Ground Associates LLC | | N/A |
| 5.  | Plymouth Ground Associates, LP | | N/A |
| 6.  | PR AEKI Plymouth LLC | | N/A |
| 7.  | PR AEKI Plymouth, L.P. | | N/A |
| 8.  | PR BVM, LLC | | N/A |
| 9.  | PR Capital City Limited Partnership | | 7775 |
| 10. | PR Capital City LLC | | 4283 |
| 11. | PR CC I LLC | | 3669 |
| 12. | PR CC II LLC | | N/A |
| 13. | PR CC Limited Partnership | | 4179 |
| 14. | PR Cherry Hill Office GP, LLC | | N/A |
| 15. | PR Chestnut Mezzco, LLC | | 5032 |
| 16. | PR Cumberland Outparcel LLC | | N/A |
| 17. | PR Exton Limited Partnership | | 2620 |
| 18. | PR Exton LLC | | N/A |
| 19. | PR Exton Outparcel GP, LLC | | N/A |
| 20. | PR Exton Outparcel Holdings, LP | | N/A |
| 21. | PR Exton Outparcel Limited Partnership | | N/A |
| 22. | PR Exton Square Property L.P. | | 7997 |
| 23. | PR Fin Delaware, LLC | | N/A |
| 24. | PR Gainesville Limited Partnership | | N/A |
| 25. | PR Gainesville LLC | | N/A |
| 26. | PR GV LLC | | N/A |
| 27. | PR GV LP | | N/A |
| 28. | PR Hyattsville LLC | | 3110 |
| 29. | PR Jacksonville Limited Partnership | | N/A |
| 30. | PR Jacksonville LLC | | 4726 |
| 31. | PR JK LLC | | N/A |
| 32. | PR Magnolia LLC | | 5017 |
| 33. | PR Monroe Old Trail Holdings, L.P. | | 4920 |
| 34. | PR Monroe Old Trail Holdings, LLC | | 4920 |
| 35. | PR Monroe Old Trail Limited Partnership | | 4920 |
| 36. | PR Monroe Old Trail, LLC | | 4920 |
| 37. | PR Moorestown Anchor-L&T, LLC | | N/A |
| 38. | PR Moorestown Anchor-M LLC | | N/A |
| 39. | PR Moorestown Limited Partnership | | 7661 |
| 40. | PR Moorestown LLC | | N/A |
| 41. | PR North Dartmouth LLC | | 5032 |

| | **Debtor Name** | **Case No.** | **EIN** |
|---|---|---|---|
| 42. | PR Plymouth Anchor-M, L.P. | | N/A |
| 43. | PR Plymouth Anchor-M, LLC | | N/A |
| 44. | PR Plymouth Meeting Associates PC LP | | N/A |
| 45. | PR Plymouth Meeting Limited Partnership | | 8280 |
| 46. | PR Plymouth Meeting LLC | | N/A |
| 47. | PR PM PC Associates LLC | | N/A |
| 48. | PR PM PC Associates LP | | N/A |
| 49. | PR Prince George's Plaza LLC | | 6377 |
| 50. | PR Springfield Town Center LLC | | 9679 |
| 51. | PR Sunrise Outparcel 2, LLC | | 4373 |
| 52. | PR Swedes Square LLC | | N/A |
| 53. | PR TP LLC | | N/A |
| 54. | PR TP LP | | N/A |
| 55. | PR Valley Anchor-M Limited Partnership | | N/A |
| 56. | PR Valley Anchor-M, LLC | | N/A |
| 57. | PR Valley Anchor-S, LLC | | N/A |
| 58. | PR Valley Limited Partnership | | 5123 |
| 59. | PR Valley LLC | | 4705 |
| 60. | PR Valley Solar LLC | | N/A |
| 61. | PR Valley View Anchor-M, LLC | | N/A |
| 62. | PR Valley View Anchor-M Limited Partnership | | N/A |
| 63. | PR Valley View OP-DSG/CEC, LLC | | 5063 |
| 64. | PR Valley View OP-TXRD, LLC | | 5032 |
| 65. | PR Walnut Mezzco, LLC | | 5032 |
| 66. | PREIT Associates, L.P. | | 5032 |
| 67. | PREIT-RUBIN OP, Inc. | | 4799 |
| 68. | PREIT-RUBIN, Inc. | | 4920 |
| 69. | PREIT Services, LLC | | 5151 |
| 70. | XGP LLC | | N/A |

## <u>AUTHORIZED OFFICER'S CERTIFICATE</u>

**December 10, 2023**

This Authorized Officer's Certificate (this "<u>Certificate</u>") is furnished in connection with those certain chapter 11 petitions filed on December 10, 2023 (as amended, modified or supplemented from time to time, the "<u>Petitions</u>"), by Pennsylvania Real Estate Investment Trust, a business trust formed under the laws of the Commonwealth of Pennsylvania, and certain of its direct and indirect subsidiaries (each, the "<u>Company</u>").

The undersigned, being an Authorized Officer of each Company, hereby certifies, solely in her capacity as such and not in her individual capacity and without personal liability, that attached hereto is a true, correct and complete copy of the resolutions duly adopted by the Governing Body of each Company (as such term is defined therein) on the date hereof, in accordance with the trust agreement, bylaws, operating agreements or partnership agreements, as applicable, of such Company and the requirements of applicable law, and such resolutions have not been modified, rescinded or amended and are in full force and effect as of the date of this Certificate.

**IN WITNESS WHEREOF**, I have hereunto signed my name on the date first written above.

By: _/s/ Lisa Most_

Name: Lisa Most

Title: Executive Vice President & General Counsel
and Authorized Officer

**OMNIBUS RESOLUTIONS BY
THE MEMBERS OF THE BOARD OF TRUSTEES,
THE MEMBERS OF THE BOARD OF DIRECTORS,
THE GENERAL PARTNERS, THE SOLE MEMBERS AND
THE MANAGING MEMBERS (AS APPLICABLE) OF THE FOLLOWING ENTITIES (EACH
AND COLLECTIVELY, THE "COMPANY")**

| | |
|---|---|
| **Pennsylvania Real Estate Investment Trust** | **PR JK LLC** |
| **PREIT Associates, L.P.** | **PR Magnolia LLC** |
| **PREIT-RUBIN, Inc.** | **PR Monroe Old Trail Holdings, L.P.** |
| **PREIT-RUBIN OP, Inc.** | **PR Monroe Old Trail Holdings, LLC** |
| **Bala Cynwyd Associates, L.P.** | **PR Monroe Old Trail Limited Partnership** |
| **Moorestown Mall LLC** | **PR Monroe Old Trail, LLC** |
| **Plymouth Ground Associates LLC** | **PR Moorestown Anchor-L&T, LLC** |
| **Plymouth Ground Associates, LP** | **PR Moorestown Anchor-M LLC** |
| **PR AEKI Plymouth LLC** | **PR Moorestown Limited Partnership** |
| **PR AEKI Plymouth, L.P.** | **PR Moorestown LLC** |
| **PR BVM, LLC** | **PR Plymouth Anchor-M, L.P.** |
| **PR Capital City Limited Partnership** | **PR Plymouth Anchor-M, LLC** |
| **PR Capital City LLC** | **PR Plymouth Meeting Associates PC LP** |
| **PR CC I LLC** | **PR Plymouth Meeting Limited Partnership** |
| **PR CC II LLC** | **PR Plymouth Meeting LLC** |
| **PR CC Limited Partnership** | **PR PM PC Associates LLC** |
| **PR Cherry Hill Office GP, LLC** | **PR PM PC Associates LP** |
| **PR Cumberland Outparcel LLC** | **PR Prince George's Plaza LLC** |
| **PR Exton Limited Partnership** | **PR Springfield Town Center LLC** |
| **PR Exton LLC** | **PR Sunrise Outparcel 2, LLC** |
| **PR Exton Outparcel GP, LLC** | **PR Swedes Square LLC** |
| **PR Exton Outparcel Holdings, LP** | **PR TP LLC** |
| **PR Exton Outparcel Limited Partnership** | **PR TP LP** |
| **PR Exton Square Property L.P.** | **PR Valley Anchor-M Limited Partnership** |
| **PR Fin Delaware, LLC** | **PR Valley Anchor-M, LLC** |
| **PR Gainesville Limited Partnership** | **PR Valley Anchor-S, LLC** |
| **PR Gainesville LLC** | **PR Valley Limited Partnership** |
| **PR GV LLC** | **PR Valley LLC** |
| **PR GV LP** | **PR Valley Solar LLC** |
| **PR Hyattsville LLC** | **PR Valley View Anchor-M, LLC** |
| **PR Jacksonville Limited Partnership** | **PR Valley View Anchor-M Limited Partnership** |
| **XGP LLC** | **PR Valley View OP-DSG/CEC, LLC** |
| **PR Walnut Mezzco, LLC** | **PR Chestnut Mezzco, LLC** |
| **PREIT Services, LLC** | **PR North Dartmouth LLC** |
| **PR Jacksonville LLC** | **PR Valley View OP-TXRD, LLC** |

**December 7, 2023**

Effective as of the date written above, each of the following governing bodies, including, as applicable, in its capacity as the governing bod(ies) of the direct or indirect subsidiaries or affiliates of the Companies as set forth below (each as applicable to each and any resolution herein, a "Governing Body"):

(i) all of the members of the Board of Trustees (the "<u>Board of Trustees</u>") of Pennsylvania Real Estate Investment Trust, a business trust organized and existing under the laws of the Commonwealth of Pennsylvania ("<u>PREIT</u>");

(ii) all of the members of the respective Board of Directors (the "<u>Board of Directors</u>") of PREIT-RUBIN, Inc., a Pennsylvania corporation ("<u>PREIT-Rubin</u>") and PREIT-RUBIN OP, Inc., a Pennsylvania Corporation ("<u>PREIT-RUBIN OP</u>");

(iii) PREIT-Rubin, as the sole member of: (a) PR Sunrise Outparcel 2, LLC, a New Jersey limited liability company; (b) PR Valley Solar LLC, a Delaware limited liability company; (c) PR Monroe Old Trail, LLC, a Delaware limited liability company, which is the general partner of PR Monroe Old Trail Limited Partnership, a Pennsylvania limited partnership; and (d) PR Monroe Old Trail Holdings, LLC, a Delaware limited liability company, which is the general partner of PR Monroe Old Trail Holdings, L.P., a Pennsylvania limited partnership;

(iv) PREIT as the general partner of PREIT Associates, L.P., a Delaware limited Partnership ("<u>PREIT Associates</u>"), and

(v) PREIT Associate as the sole member of: (a) PR Cherry Hill Office GP, LLC, a Delaware limited liability company, which is the general partner of Bala Cynwyd Associates, LP, a Pennsylvania limited partnership; (b) PR Moorestown Anchor-M, LLC, a New Jersey limited liability company; (c) PR Moorestown LLC, a Pennsylvania limited liability company, which is the general partner of PR Moorestown Limited Partnership, a Pennsylvania limited partnership, which in turn is the sole member of Moorestown Mall LLC, a Delaware limited liability company; (d) Plymouth Ground Associates LLC, a Pennsylvania limited liability company, which is the general partner of Plymouth Ground Associates, LP, a Pennsylvania limited partnership; (e) PR AEKI Plymouth LLC, a Delaware limited liability company, which is the general partner of PR AEKI Plymouth, L.P., a Delaware limited partnership; (f) PR BVM, LLC, a Pennsylvania limited liability company; (g) PR Cumberland Outparcel LLC, a New Jersey limited liability company; (h) PR Valley View OP-DSG/CEC, LLC, a Delaware limited liability company; (i) PR Moorestown Anchor-L&T, LLC, a New Jersey limited liability company, (j) PR Exton LLC, a Pennsylvania limited liability company, which is the general partner of PR Exton Limited Partnership, a Pennsylvania limited partnership, which in turn is the sole member of XGP LLC, a Delaware limited liability company, which is the general partner of PR Exton Square Property L.P., a Delaware limited partnership; (k) PR Exton Outparcel GP, LLC, a Delaware limited liability company, which is the general partner of PR Exton Outparcel Holdings, LP and PR Exton Outparcel Limited Partnership, each a Pennsylvania limited partnership; (l) PR Fin Delaware, LLC, a Delaware limited liability company; (m) PR Gainesville LLC, a Delaware limited liability company, which is the general partner of PR Gainesville Limited Partnership, a Delaware limited partnership; (n) PR GV LLC, a Delaware limited liability company, which is the general partner of PR GV LP, a Delaware limited partnership; (o) PR Prince George's Plaza LLC, a Delaware limited liability company, which is the sole member of PR Hyattsville LLC, a Delaware limited liability company; (p) PR JK LLC, a Delaware limited liability company, which, together with PREIT Associates, are managing members of PR Jacksonville LLC, a Delaware limited liability company, which in turn is the general partner of PR Jacksonville Limited Partnership, a Pennsylvania limited partnership; (q) PR Magnolia LLC, a Delaware limited liability company; (r) PR Valley Anchor-S, LLC, a Maryland limited liability company; (s) PR North Dartmouth LLC, a Delaware limited liability company; (t) PR Plymouth Anchor-M, LLC, a Delaware limited liability company, which is the general partner of PR Plymouth Anchor-M, L.P. a Delaware limited partnership; (u) PR PM PC Associates LLC, a Delaware limited liability company, which is the general partner of PR Plymouth Meeting

Associates PC LP and PR PM PC Associates LP, each a Delaware limited partnership; (v) PR Plymouth Meeting LLC, a Pennsylvania limited liability company, which is the general partner of PR Plymouth Meeting Limited Partnership, a Pennsylvania limited partnership; (w) PR Springfield Town Center LLC, a Delaware limited liability company; (x) PR Swedes Square LLC, a Delaware limited liability company; (y) PR TP LLC, a Delaware limited liability company, which is the general partner of PR TP LP, a Delaware limited partnership; (z) PR Valley Anchor-M, LLC, a Delaware limited liability company, which is the general partner of PR Valley Anchor-M Limited Partnership, a Pennsylvania limited partnership; (aa) PR Valley LLC, a Delaware limited liability company, which is the general partner of PR Valley Limited Partnership, a Pennsylvania limited partnership; (bb) PR Valley View Anchor-M, LLC, a Delaware limited liability company, which is the general partner of PR Valley View Anchor-M Limited Partnership, a Pennsylvania limited partnership; and (cc) PR CC II LLC, a Delaware limited liability company, which, together with PREIT Associates, are managing members of (1) PR CC I LLC, a Delaware limited liability company, which in turn is the general partner of PR CC Limited Partnership, a Pennsylvania limited partnership, and (2) PR Capital City LLC, a Delaware limited liability company, which in turn is the general partner of PR Capital City Limited Partnership, a Pennsylvania limited partnership; (ee) PR Chestnut Mezzco, LLC, a Pennsylvania limited liability company; (ff) PR Walnut Mezzco, LLC, a Pennsylvania limited liability company; (gg) PREIT Services, LLC, a Delaware limited liability company; (hh) PR Valley View OP-TXRD, LLC, a Pennsylvania limited liability company; (ii) PREIT-RUBIN; (jj) PREIT-RUBIN OP;

hereby consents to and approves the following actions and adopts the following resolutions pursuant to the bylaws, trust agreements, partnership agreements, limited liability company agreements, as applicable, and the laws of the state of formation or organization of each Company:

## RECITALS[1]

**WHEREAS**, PREIT, PREIT Associates and PREIT-Rubin, as Borrowers, and certain of its debtor-affiliates, as debtors and debtors in possession, as Guarantors, Grantors, Mortgagors, and/or Pledgors, as applicable, have approximately $1.1 billion in funded debt (the "Funded Debt") as of the date hereof, consisting of: (i) (a) approximately $306 million in principal amount outstanding under a secured first lien term loan facility (as amended through the date hereof, the "Prepetition First Lien Term Loan Facility") and (b) approximately $99 million in principal amount outstanding under a secured first lien revolving credit facility (as amended through the date hereof, the "Prepetition First Lien Revolving Credit Facility"); and (ii) approximately $727 million in principal amount outstanding under a secured second lien term loan facility (the "Prepetition Second Lien Facility"); and

**WHEREAS**, given the previously disclosed operational and financial challenges and the Company's constrained liquidity, over the course of the past several years and months, the Company has taken meaningful actions to enhance the financial and operational health of the business and has been engaged in comprehensive and arm's-length negotiations with its lenders in an effort to restructure its indebtedness and recapitalize the Company; and

**WHEREAS**, each Governing Body has surveyed potential restructuring options for the Company and considered presentations by management as well as financial and legal advisors of, and consultants to, the Company and to the Board of Trustees of PREIT (such advisors in such applicable capacities,

---

[1] Capitalized terms used but not defined in these Omnibus Resolutions have the meanings ascribed to them in the Restructuring Support Agreement (with each exhibit, schedule and annex thereto, the "Restructuring Support Agreement").

collectively, "<u>Advisors</u>") regarding the assets, liabilities and liquidity situation of the Company, the strategic alternatives available to the Company and the impact of the foregoing on the Company's business, prospects and enterprise value; and

**WHEREAS**, each Governing Body has reviewed, had the opportunity to consult with, and ask questions of, the management and Advisors, and fully considered each of the strategic alternatives available to the Company; and

**WHEREAS**, after being fully informed, deliberation and careful consideration, the Company's senior management and Advisors engaged in arm's-length, good faith negotiations with certain prepetition lenders (the "<u>Consenting Lenders</u>") with respect to a Restructuring Support Agreement, which upon information provided by the Advisors will have the requisite consent of the Consenting Lenders, and contemplates, among other things, a reorganization and recapitalization of the Company pursuant to a prepackaged chapter 11 plan of reorganization to be filed in chapter 11 cases under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") before the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") on or about December 10, 2023 (the "<u>Petition Date</u>") with the pre-Petition-Date solicitation commenced on December 8, 2023; and

**WHEREAS**, the Restructuring Support Agreement being approved for execution by and through that certain unanimous written consent on December 7, 2023 and it being understood that the Restructuring Support Agreement provides that it can be terminated by the Company, at the direction of the Governing Body, if continued performance thereunder would be inconsistent with the exercise of the Governing Body's fiduciary duties or applicable law;

**WHEREAS**, the Governing Body has received regular updates regarding such negotiations and has provided guidance to the Company throughout the negotiating process based upon consultations with senior management and Advisors;

**WHEREAS**, in accordance with the Restructuring Support Agreement, the Company's senior management and Advisors engaged in good faith, arm's-length negotiations with the Consenting Lenders and formulated the *Joint Prepackaged Chapter 11 Plan of Reorganization of Pennsylvania Real Estate Investment Trust and Its Debtor-Affiliates* (as may be amended, supplemented, or otherwise modified from time to time, the "<u>Plan</u>") and related *Disclosure Statement Relating to the Joint Prepackaged Chapter 11 Plan of Reorganization of Pennsylvania Real Estate Investment Trust and Its Debtor-Affiliates* (as may be amended, supplemented, or otherwise modified from time to time, the "<u>Disclosure Statement</u>"); and

**WHEREAS**, each Governing Body, in connection with the Restructuring Support Agreement and the Plan, has reviewed and considered presentations by the senior management and Advisors regarding the contemplated treatment of claims and the contemplated Equity Distribution set forth in the Plan, consistent with the Restructuring Support Agreement as well as the terms of the DIP Facility Term Sheet, the DIP Backstop, the Backstop Commitment Agreement, and the Exit Facility Term Sheet in form and substance substantially as proposed therein; and

**WHEREAS**, each Governing Body of PREIT and PREIT Associates, as applicable, has further reviewed and considered presentations by the senior management and Advisors regarding the cancellation of the Existing Preferred Equity Interest, the Existing Common Equity Interest in PREIT as well as the Existing External PALP Interests in accordance with the Restructuring Support Agreement (collectively, the "<u>Equity Cancellation</u>"); and

**WHEREAS**, the Governing Body of PREIT has further reviewed and considered presentations by the senior management and Advisors regarding the deregistration of any and all equity interests of the

Reorganized PREIT such that Reorganized PREIT shall cease being a reporting company under the Securities Act of 1933, as amended (the "Securities Act" and such transaction, the "Deregistration"); and

**WHEREAS**, each Governing Body has reviewed and considered presentations by the senior management and Advisors regarding the advantages and disadvantages to each Company soliciting acceptances of the Plan contemplated by the Restructuring Support Agreement; and

**WHEREAS**, on December 8, 2023, the Company intends to commence solicitation of the votes to accept or reject the Plan from the only class of claims entitled to vote on the Plan (i.e., Class 4 – Prepetition Second Lien Claims); and

**WHEREAS**, in furtherance of the Restructuring Support Agreement and after being fully informed, and after due deliberation and careful consideration, in the judgment of the Governing Body of each Company, after consulting with its senior management and Advisors, it is desirable and in the best interests of each Company, its creditors and other relevant stakeholders, that each Company file or cause to be filed forthwith a voluntary petition for relief (such voluntary petition, and the voluntary petition to be filed by each Company, commencing a "Chapter 11 Case" and collectively, the "Chapter 11 Cases") under the Bankruptcy Code in the Bankruptcy Court in accordance with the terms of the Restructuring Support Agreement and the Plan; and

**WHEREAS**, the Board of Trustees of PREIT, in connection with the Restructuring Support Agreement and the Plan, has reviewed and considered presentations by the senior management and Advisors with respect to preserving the status quo and/or benefits afforded to eligible employees, directors, or consultants as previously approved by the Board of Trustees and its Executive Compensation and Human Resources Committee, and desires to amend: (a) PREIT's 2023 Employee Annual Bonus Plan to provide incentives for employee performance; (b) PREIT's Key Employee Retention Plan to facilitate key employee retention; (c) the Employment Agreement with Joseph F. Coradino, dated May 12, 2021 and as amended to date (the "Coradino Employment Agreement"), to provide for severance and other benefits upon qualifying terminations; and (d) Employment Agreement with Mario C. Ventresca, Jr., dated January 1, 2020 and as amended to date (the "Ventresca Employment Agreement"), to provide for severance and other benefits upon qualifying terminations.

**NOW, THEREFORE, IT IS**

**The Plan and Solicitation**

**RESOLVED**, that Joseph F. Coradino (Chief Executive Officer and Chairman), Lisa M. Most (General Counsel), Mario C. Ventresca, Jr. (Chief Financial Officer), Andrew M. Ioannou (Executive Vice President), or any other duly appointed officer of each Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and hereby are appointed as such and authorized as set forth below; and be it further

**RESOLVED**, that each Governing Body of each respective Company hereby approves the form, terms and provisions of the Plan and the related Disclosure Statement and the execution, delivery, filing and performance thereof, and the consummation of the transactions contemplated thereunder by each Company as in the best interests of each Company, its creditors and its other relevant stakeholders, with such changes therein and additions thereto as any Authorized Officer who may act without the joinder of any other Authorized Officer, executing the same may in such Authorized Officer's discretion deem necessary or appropriate, it being acknowledged that the execution of the Plan and/or the Disclosure Statement, and such other documents, agreements, instruments and certificates as may be required by the

Plan and Disclosure Statement, as applicable, shall be conclusive evidence of the approval thereof; and be it further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the applicable Company, to execute and deliver any amendments, supplements, modifications, restatements, waivers, substitutions and extensions of the Plan and/or Disclosure Statement and transactions contemplated thereunder; and be it further

**RESOLVED**, that the materials accompanying the Plan and the Disclosure Statement for purposes of the solicitation of votes on the Plan (known as the "Solicitation Materials") are hereby approved and the solicitation of votes on the Plan prior to commencement of the Chapter 11 Cases is hereby approved and declared advisable and in the best interests of each Company, its creditors and its other relevant stakeholders, and any actions taken related thereto are ratified.

**Chapter 11 Filing**

**RESOLVED**, that each Company shall be, and hereby is, authorized to file or cause to be filed forthwith a Chapter 11 Case under the provisions of the Bankruptcy Code in the Bankruptcy Court; and it is further

**RESOLVED**, the Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, lists, motions, certificates, declarations, other papers and documents, and to take any and all action that any one or more deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business or to successfully prosecute the Chapter 11 Cases; and it is further

**RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to certify the authenticity of these resolutions, if necessary, and certify that the foregoing resolutions of the Governing Body of the Company were duly consented to and adopted as of the date hereof; and it is further

**RESOLVED**, that all acts and deeds previously performed by any of the officers of the Company prior to the adoption of the foregoing recitals and resolutions that are within the authority conferred by the foregoing recitals and resolutions, are hereby ratified, confirmed, and approved in all respects as the authorized acts and deeds of the Company.

**Retention of Professionals**

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of DLA Piper LLP (US) ("DLA Piper") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of DLA Piper; and it is further

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Wachtell, Lipton, Rosen & Katz ("Wachtell Lipton") as special corporate counsel

to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Wachtell Lipton; and it is further

     **RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of PJT Partners LP ("PJT"), as investment banker to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of PJT; and it is further

     **RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Kroll Restructuring Administration LLC ("Kroll") as notice, claims, balloting and subscription agent represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Kroll; and it is further

     **RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Dilworth Paxson LLP ("Dilworth") as special counsel to represent and assist the Board of Trustee of PREIT in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Board of Trustee's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Dilworth; and it is further

     **RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals that are reasonably necessary to assist each Company in carrying out its duties under the Bankruptcy Code and to advance each Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications, to the extent necessary, for authority to retain the services of any such additional professionals; and it is further

     **RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the Company, to negotiate, execute, deliver, file and perform any agreement, document or certificate and to take and perform any and all further acts and deeds (including, without limitation, (i) the payment of any consideration and (ii) the payment of all fees, expenses and taxes) that such Authorized Officers deems necessary, advisable or desirable in connection with each Company's Chapter 11 Case, including, without limitation, negotiation, executing, delivering, filing and performing any and all documents, agreements, certificates and/or instruments (or any amendments or modifications thereto) and other documents, in connection with the engagement of professionals and consultants contemplated by these resolutions, with a view to the successful prosecution of the Chapter 11 Cases; and it is further

**Debtor-in-Possession Financing Facility, Cash Collateral and Adequate Protection**

      **RESOLVED**, that the Company shall be, and it hereby is, authorized to: (a) enter into and incur any obligations under one or more debtor in possession financing facility or facilities, including pursuant to the Senior Secured Super-Priority Debtor-In-Possession Credit Agreement by and among PREIT, PREIT Associates and PREIT-Rubin, as Borrowers, and the financial institutions party thereto, dated on or about the date hereof (the "DIP Credit Agreement") (collectively, the "DIP Facility"), and to consummate the transactions contemplated thereby (collectively, the "Financing Transactions"), including, without limitation, the use of cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), as may be necessary, desirable or appropriate for the continuing conduct of the affairs of the Company; and (b) pay any and all related fees and expenses, incur (or guarantee, as applicable) the debt and other obligations and liabilities contemplated by the Financing Transactions and to grant security interests in and liens upon some, all or substantially all of the Company's assets in each case as may be deemed necessary, desirable or appropriate by any one or more of the Authorized Officers in connection with the Financing Transactions; and it is further

      **RESOLVED**, that each Company will obtain benefits from the Financing Transactions and use of Cash Collateral; and it is further

      **RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral and the DIP Facility, and in accordance with the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the prepetition secured lenders (the "Adequate Protection Obligations"), as documented in the proposed interim and final orders (as applicable, the "Interim DIP Order" and "Final DIP Order" and collectively, the "DIP Orders") and submitted for approval to the Bankruptcy Court; and it is further

      **RESOLVED**, (a) that the form, terms and provisions of the Cash Collateral Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted and approved, and each of the Authorized Officers of each Company be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, as debtor and debtor in possession, to take such actions and execute, acknowledge, deliver and verify such certificates, instruments, guaranties, credit agreements, including, without limitation, the DIP Credit Agreement, pledge agreements, security agreements, promissory notes, letter of credit applications, mortgages, intellectual property security agreements, account control agreements, intercreditor agreements, other collateral documents or security instruments, instruments, notices and any and all other agreements or documents arising in connection with the Financing Transactions as any one or more of the Authorized Officers may deem necessary, desirable or appropriate to facilitate the Financing Transactions, in each case, including any amendments, amendment and restatements, supplements, replacements, refinancings or other modifications to the foregoing (collectively, the "Financing Documents"); (b) the Financing Documents, containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary, desirable or appropriate by any one or more of the Authorized Officers, are hereby adopted, ratified, confirmed and approved in all respects; and (c) the actions of any Authorized Officer taken pursuant to these resolutions, including the execution, acknowledgement, delivery and verification of all such Financing Documents, shall be conclusive evidence of such Authorized Officer's approval and the necessity, desirability or appropriateness thereof; and it is further

      **RESOLVED**, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations (as set forth in the Interim DIP Order) and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Adequate Protection Transactions"); and it is further

**RESOLVED**, that the Authorized Officers of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed and empowered in the name of, and on behalf of, each Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the Financing Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments to any Financing Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agent; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the Financing Documents or any other Adequate Protection Document; and it is further

**RESOLVED**, that each of the Authorized Officers of each Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to file or to authorize the Agent to file any Uniform Commercial Code (the "UCC") financing statements, any mortgages, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Facility or the Cash Collateral Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of each Company, in each case as the Agent may reasonably request to perfect the security interests of the Agent under the DIP Facility or Cash Collateral Order; and it is further

**RESOLVED**, that each of the Authorized Officers of each Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Facility, the Financing Documents, the DIP Orders, or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and it is further

**RESOLVED**, that each of the Authorized Officers of each Company be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Facility, the Cash Collateral Order, or any of the Adequate Protection Documents or to do such other things which shall, in their sole judgment, be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

**Backstop Commitment Agreement and Exit Facility**

**RESOLVED**, that each Governing Body has determined that it is desirable and in the best interests of such Company, its creditors and its other relevant stakeholders to enter into the Backstop Commitment Agreement and Exit Facility transactions on the terms outlined in the Restructuring Support Agreement and on the timeline contemplated therein and in the Plan; and it is further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the applicable Company, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Backstop Commitment Agreement and Exit Facility, to consummate the transactions contemplated thereby, with such changes therein and additions thereto as any Authorized Officer executing the same may in his or her discretion deem necessary or appropriate, the execution of the Backstop Commitment Agreement and Exit Facility to be conclusive evidence of the approval thereof; and it is further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the applicable Company, to cause each Company to enter into, execute, deliver, certify, file and/or record, and perform, the Backstop Commitment Agreement and Exit Facility and such other documents, agreements, instruments and certificates as may be required by the Backstop Commitment Agreement.

**Equity Cancellation**

**RESOLVED**, that each Governing Body has determined that it is desirable, in the best interests of such Company, its creditors and its other relevant stakeholders and necessary to consummate the restructuring the indebtedness and recapitalization of the Company to cancel all Interests in accordance with and on the timeline contemplated in the Plan; and it is further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the applicable Company, to cause each Company to enter into, execute, deliver, certify, file and/or record, and perform such documents, agreements, instruments and to take all such other actions as may be required by the Equity Cancellation; and it is further

**RESOLVED**, that the Equity Cancellation shall be in accordance with the Securities Act and all applicable state blue sky or state securities laws as appropriate and that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the applicable Company, to execute and file with the appropriate state or federal offices for and on behalf of the Company the forms or notices as required pursuant to federal and state securities laws.

**Deregistration of Reorganized PREIT**

**RESOLVED**, that each Governing Body has determined that it is desirable and in the best interests of such Company, its creditors and its other relevant stakeholders for the Reorganized PREIT to de-register its equity and cease being a Securities Act reporting company on the timeline contemplated in the Plan; and it is further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of the applicable Company, to cause each Company to enter into, execute, deliver, certify, file and/or record, and perform such documents, agreements, instruments and to take all such other actions as may be required by the Deregistration; and it is further

**RESOLVED**, that the Deregistration shall be in accordance with the Securities Act and all applicable state blue sky or state securities laws as appropriate and that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the

name and on behalf of the applicable Company, to execute and file with the appropriate state or federal offices for and on behalf of the Company the forms or notices as required pursuant to federal and state securities laws.

**Form8-K Filing**

> **RESOLVED**, that in connection with the Chapter 11 Cases, the Governing Body authorizes the filing with the Securities and Exchange Commission of a report on Form 8-K and press release, subject to the approval of the Authorized Officers, but with such changes and additions as are required by law or as such officers, in their discretion, deem necessary or appropriate, and authorizes such other filings in connection therewith as are required by the Securities Exchange Act of 1934, as amended, and the rules and regulations promulgated thereunder.

**Non-Dissolution of Certain Companies**

> **RESOLVED**, that, notwithstanding any applicable state law (a) (i) the bankruptcy of any member of any Company that is a limited liability company or a limited or general partner (generally referred to herein as a "partner") of any Company that is a limited or general partnership shall not cause such member or partner, as applicable, to cease to be a member or partner, as applicable, of such Company, (ii) upon the bankruptcy of any such member or partner, such member or partner shall continue to be a member or partner of such Company, (iii) for the avoidance of doubt, each Governing Body hereby consents to and agrees that in no event the bankruptcy filing with respect to a member or partner of such Company shall cause such member or partner to cease to be a member or partner of such Company, and (iv) unless otherwise expressly provided in the Plan,  each such Company shall be continued without dissolution following the bankruptcy of any such member or partner and (b) to the extent required under applicable law to effect the foregoing clause (a) the limited liability company agreement, operating agreement or partnership agreement, as applicable, of each such Company, member or partner, as applicable, is hereby amended to provide that the bankruptcy of its member or partner shall not cause the Company to cease to be a member of such Company and, in any such event, such Company shall continue without dissolution (and these resolutions shall be governed by the laws of the applicable state of formation or organization to the extent such amendment is required under applicable law).

**Employment, Retention and Incentive Matters**

> **RESOLVED**, that the Board of Trustees of PREIT has determined that it is desirable and in the best interests of the Companies and the relevant stakeholders to amend PREIT's 2023 Employee Annual Bonus Plan, PREIT's Key Employee Retention Plan, the Coradino Employment Agreement, and the Ventresca Employment Agreement, in each case in form and substance substantially as proposed therein and as presented to the Board of Trustees; and it is further

> **RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of PREIT, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to amend PREIT's 2023 Employee Annual Bonus Plan, PREIT's Key Employee Retention Plan, the Coradino Employment Agreement, and the Ventresca Employment Agreement, to consummate the transactions contemplated thereby, with such changes therein and additions thereto as any Authorized Officer executing the same may in his or her discretion deem necessary or appropriate, the execution of the amendments to PREIT's 2023 Employee Annual Bonus Plan, PREIT's Key Employee Retention Plan, the Coradino Employment Agreement, and the Ventresca Employment Agreement to be conclusive evidence of the approval thereof; and it is further

**RESOLVED**, that any Authorized Officer, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered and directed, with full power of delegation, in the name and on behalf of PREIT, to cause PREIT to enter into, execute, deliver, certify, file and/or record, and perform, the amendments to PREIT's 2023 Employee Annual Bonus Plan, PREIT's Key Employee Retention Plan, the Coradino Employment Agreement, the Ventresca Employment Agreement, and such other documents, agreements, instruments and certificates as contemplated thereby, to cause to be executed and filed, one or more registration statements or such other applications and other documents as are necessary or appropriate for compliance with the securities laws, and to take all such other actions as may be reasonably necessary or proper in connection therewith.

## General Authorization and Ratification

**RESOLVED**, the Authorized Officers of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed and empowered in the name of, and on behalf of, each Company, as debtor and debtor in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of any other or further instruments in furtherance of the Plan; and it is further

**RESOLVED**, that, to the fullest extent allowed by applicable law, any and all past actions heretofore taken by any Authorized Officers, in the name and on behalf of the Company, in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects; and it is further

**RESOLVED**, that each Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice; and it is further

**RESOLVED**, that the Authorized Officers are authorized and directed, in the name of and on behalf of the Company, under the Company's corporate seal or otherwise, to make, enter into, execute, deliver and file any and all other or further agreements, documents, certificates, materials and instruments, to disburse funds of the Company, to take or cause to be taken any and all other actions, and to incur all such fees and expenses as any such Authorized Officer deems to be necessary, appropriate or advisable to carry out the purposes of the foregoing resolutions and the transactions contemplated thereunder and/or to successfully complete the Chapter 11 Cases, the taking of any such action or execution of any such documents and/or agreements to constitute conclusive evidence and the exercise of such discretionary authority; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Cases, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company.

*[The Remainder of This Page Is Intentionally Left Blank]*

**Fill in this information to identify the case:**

Debtor Name: <u>Pennsylvania Real Estate Investment Trust, *et al.*</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**          **12/15**

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WILMINGTON SAVINGS FUND SOCIETY FSB (AGENT) 500 DELAWARE AVENUE WILMINGTON, DE 19801 | NAME: PATRICK J. HEALY, SVP PHONE: (302) 888-7420 EMAIL: PHealy@wsfsbank.com | SECOND LIEN DEFICIENCY CLAIM | | $726,984,654.80 | $300,000,000.00 | $426,984,654.80 |
| 2 | ALLIED UNIVERSAL SECURITY SERVICES EIGHT TOWER BRIDGE 161 WASHINGTON STREET, SUITE 600 CONSHOHOCKEN, PA 19428 | NAME: Jermaine D. Peterson, VP PHONE: (856) 213-7044 EMAIL: jermaine.peterson@aus.com | TRADE CLAIM | | | | $1,043,998.11 |
| 3 | SERVICE MANAGEMENT SYSTEMS INC 7135 CHARLOTTE PIKE SUITE 100 NASHVILLE, TN 37209 | NAME: Kevin Gleason, Division VP PHONE: (615) 850-0542 EMAIL: kgleason@smsclean.com | TRADE CLAIM | | | | $1,003,615.99 |
| 4 | ONSLOW COUNTY TAX COLLECTOR 234 NORTHWEST CORRIDOR BLVD JACKSONVILLE, NC 28540 | NAME: Kevin Turner PHONE: (910) 989-2202 EMAIL: kevin_turner@onslowcountync.gov | TRADE CLAIM | | | | $770,735.14 |
| 5 | CZARNOWSKI DISPLAY SERVICE, INC. 2287 S. BLUE ISLAND AVE CHICAGO, IL 60608-4344 | NAME: Steve Rish, Sr. Acct. Mgr PHONE: (702) 939-6610 EMAIL: srish@czarnowski.com | TRADE CLAIM | | | | $326,766.13 |
| 6 | CUMBERLAND MALL REALTY HOLDING LLC 1010 NORTHERN BLVD, SUITE 212 GREAT NECK, NY 11021 | NAME: Mike Kohan PHONE: (516) 708-9208 EMAIL: mikekohen@yahoo.com | TRADE CLAIM | | | | $280,938.58 |
| 7 | H & M 110 FIFTH AVENUE 11TH FLOOR ATTN: REAL ESTATE LEGAL NEW YORK, NY 10011 | NAME: Michelle Miranda PHONE: (646) 532-9184 EMAIL: michelle.miranda@hm.com | TRADE CLAIM | | | | $237,837.60 |

Debtor  Pennsylvania Real Estate Investment Trust, *et al.*                     Case number (if known) _____
_____Name_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 PORTRAIT HOLDINGS, LLC 12703 HAYNES ROAD ATTN: STEVE HARDIN HOUSTON, TX 77066 | NAME: Steve Hardin PHONE: (419) 467-6359 EMAIL: shardin@viprec.com | TRADE CLAIM | | | | $200,000.00 |
| 9 DELAWARE VALLEY PAVING, INC. 330 PAWLINGS ROAD PHOENIXVILLE, PA 19460 | NAME: Adam Fisher PHONE: (610) 983-0567 EMAIL: afisher@delawarevalleypaving.com | TRADE CLAIM | | | | $159,857.73 |
| 10 CONSTELLATION NEWENERGY PO BOX 4640 CAROL STREAM, IL 60197-4640 | NAME: Joe Falci PHONE: (513) 793-0185 EMAIL: joseph.falci@constellation.com | TRADE CLAIM | | | | $147,182.00 |
| 11 TOTAL MAINTENANCE MANAGEMENT 7135 CHARLOTTE PIKE, SUITE 100 NASHVILLE, TN 37209 | NAME: Keith Woken PHONE: (615) 850-5454 EMAIL: kwolken@smsholdings.com | TRADE CLAIM | | | | $127,747.86 |
| 12 KEYSTONE PHILADELPHIA PROPERTIES, L.P. PO BOX 31001-2994 PASADENA, CA 91110-2994 | NAME: Ann Menard PHONE: (424) 229-3575 EMAIL: ann.menard@macerich.com | TRADE CLAIM | Disputed | | | $87,509.58 |
| 13 BAYVIEW ASSOCIATES 185 NW SPANISH RIVER BLVD, SUITE 100 BOCA RATON, FL 33431-4230 | NAME: Jeffrey Sandelman PHONE: (561) 620-9200 EMAIL: jsandelman@kinproperties.com | TRADE CLAIM | | | | $66,666.67 |
| 14 RYCON CONSTRUCTION INC 2501 SMALLMAN ST.- SUITE 100 PITTSBURGH, PA 15222 | NAME: Lou F. Ferraro PHONE: (412) 392-2525 EMAIL: lferraro@ryconinc.com | TRADE CLAIM | | | | $59,007.11 |
| 15 GRANITE TELECOMMUNICATIONS LLC PO BOX 841304 BOSTON, MA 02284 | NAME: Michael Galvin PHONE: (617) 745-5168 EMAIL: mgalvin@granitenet.com | TRADE CLAIM | | | | $56,996.18 |
| 16 CB DEVELOPMENT SERVICES, INC. 1617 JFK BLVD., STE 1090 PHILADELPHIA, PA 19103 | NAME: Ken Matthews PHONE: (215) 569-0156 EMAIL: kmatthews@cbdsi.com | TRADE CLAIM | | | | $49,221.62 |
| 17 PECO ENERGY 2301 MARKET STREET ATTN: LEGAL DEPARTMENT PHILADELPHIA, PA 19103 | NAME: Latisha Suarez PHONE: (877) 432-9384 FAX: (215) 841-4474 EMAIL: lateisha.suarez@exeloncorp.com | TRADE CLAIM | | | | $39,103.59 |

Debtor  Pennsylvania Real Estate Investment Trust, *et al.*          Case number (if known) _____
Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | JONES LANG LASALLE AMERICAS<br>95028 TREASURY CENTER<br>CHICAGO, IL 60694-1700 | NAME: Haley Gillan<br>PHONE: (202) 719-5622<br>EMAIL: haley.gillan@am.jll.com | TRADE CLAIM | | | | $37,500.00 |
| 19 | BRITTEN INC<br>2322 CASS ROAD<br>TRAVERSE CITY, MI 49684 | NAME: Jessica James<br>PHONE: (231) 346-8588<br>EMAIL: jjames@britteninc.com | TRADE CLAIM | | | | $35,422.90 |
| 20 | ABINGTON TOWNSHIP<br>1166 OLD YORK RD<br>ABINGTON, PA 19001 | NAME: Kathleen Przbylowski<br>PHONE: (267) 536-1100<br>EMAIL: Kprzybylowski@abington.org | TRADE CLAIM | | | | $35,316.23 |
| 21 | SCHINDLER ELEVATOR CO<br>20 WHIPPANY RD<br>MORRISTOWN, NJ 07960 | NAME: Ryan Buterick<br>PHONE: (856) 234-2220<br>FAX: (973) 397-3619<br>EMAIL: ryan.buterick@schindler.com | TRADE CLAIM | | | | $27,874.98 |
| 22 | SNO-SERVICES LLC<br>PO BOX 1391<br>INDIANA, PA 15701 | NAME: Erik Frey<br>PHONE: (717) 979-4072<br>EMAIL: erik.frey@snoservices.com | TRADE CLAIM | | | | $26,829.61 |
| 23 | SHARP ROOFING ASSOCIATES, INC.<br>PO BOX 219<br>IRONIA, NJ 07845 | NAME: Cheryl Re<br>PHONE: (973) 895-7330<br>EMAIL: cherylre@sra-roof.com | TRADE CLAIM | | | | $22,772.67 |
| 24 | JPRA ARCHITECTS<br>39300 W. TWELVE MILE RD<br>SUITE 180<br>FARMINGTON HILLS, MI 48331 | NAME: Melissa Gregoire<br>PHONE: (248) 539-6255<br>EMAIL: mgregoire@jpra.com | TRADE CLAIM | | | | $18,756.75 |
| 25 | BUIST ELECTRIC, INC.<br>2 - 84TH STREET SW<br>BYRON CENTER, MI 49315 | NAME: Scott Bishop<br>PHONE: (616) 878-3315<br>EMAIL: billing@buistelectric.com | TRADE CLAIM | | | | $17,969.40 |
| 26 | KB DESIGN GROUP, INC.<br>113 W. JERSEY AVE<br>PITMAN, NJ 08071 | NAME: Ben Bonaccorso, President<br>PHONE: (856) 589-3110<br>EMAIL:<br>ben.bonaccorso@kbdesigngroupinc.com | TRADE CLAIM | | | | $17,548.00 |
| 27 | RESOURCE ENERGY SYSTEMS, LLC<br>10480 LITTLE PATUXENT PKWY<br>SUITE 950<br>COLUMBIA, MD 21044 | NAME: Jason Kass, VP<br>PHONE: (443) 393-7670<br>EMAIL: jkass@resourceenergy.com | TRADE CLAIM | | | | $17,305.11 |

Debtor  Pennsylvania Real Estate Investment Trust, *et al.*         Case number (if known) _____

       Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 | PLACEWISE MEDIA DENVER GMF C/O PLACEWISE MEDIA PO BOX 173704 DENVER, CO 80217-3704 | NAME: Lindsay Devlin PHONE: (720) 457-9795 EMAIL: lindsay@placewise.com | TRADE CLAIM | | | | $15,225.00 |
| 29 | BRYON ODHNER 400 W GERMANTOWN PIKE ASS PO BOX 68 BRIDGEPORT, PA 19405-0068 | NAME: Bryon Odhner PHONE: EMAIL: bryon.odhner@gmail.com | TRADE CLAIM | | | | $13,764.05 |
| 30 | RWE CLEAN ENERGY SOLUTIONS INC 1100 NORTH MARKET STREET WILMINGTON, DE 19890-1600 | NAME: Daniel Greene PHONE: (914) 993-2166 EMAIL: invoicing@conedceb.com | TRADE CLAIM | | | | $13,609.48 |

<div style="border:1px solid black; padding:10px;">

**Fill in this information to identify the case and this filing:**

Debtor Name <u>Pennsylvania Real Estate Investment Trust</u>

United States Bankruptcy Court for the: _____ <u>District of Delaware</u>
(State)

Case number (*If known*): _____

</div>

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐     *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐     *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐     *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐     *Schedule H: Codebtors (Official Form 206H)*

☐     *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐     *Amended Schedule _____*

☒     *Chapter 11 or 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐     *Other document that requires a declaration _____*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     <u>12/10/2023</u>
          MM / DD / YYYY

<u>/s/ Lisa Most</u>
Signature of individual signing on behalf of debtor

<u>Lisa Most</u>
Printed name

<u>Executive VP / General Counsel</u>
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Pennsylvania Real Estate Investment Trust, | Case No. 23-_____ (___) |
| Debtor. | (Joint Administration Requested) |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of Pennsylvania Real Estate Investment Trust certifies that no corporate entities directly own 10% or more of Pennsylvania Real Estate Investment Trust's equity interest.

Fill in this information to identify the case and this filing:

Debtor Name  __Pennsylvania Real Estate Investment Trust__

United States Bankruptcy Court for the:_____ __District of Delaware__
                                                            (State)
Case number (*If known*):_____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐      *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐      *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐      *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐      *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐      *Schedule H: Codebtors (Official Form 206H)*

☐      *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐      *Amended Schedule* _____

☐      *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒      *Other document that requires a declaration* Statement of Corporate Ownership _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __12/10/2023__               /s/ Lisa Most _____
                 MM / DD / YYYY             Signature of individual signing on behalf of debtor

                                            Lisa Most _____
                                            Printed name

                                            Executive VP / General Counsel _____
                                            Position or relationship to debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Pennsylvania Real Estate Investment Trust, | Case No. 23-_____ (___) |
| Debtor. | (Joint Administration Requested) |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, Pennsylvania

Real Estate Investment Trust hereby provides the following list of holders of equity interests. [1]

| Name and Address of Interest Holder | Kind of Interest | Percentage of Interests Held[2] |
|---|---|---|
| John R. Saunders 4040 MacArthur Blvd., Suite 300, Newport Beach, CA 92660 | Common Stock | 8.91% |
| Cygnus Capital Inc. 3060 Peachtree Road NW, Suite 1080, Atlanta, Georgia 30305 | Common and Preferred Stock | 6.61% |

---

[1] The Debtors are requesting to limit their compliance with Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure by disclosing only those equity security holders that hold 5% or more of common shares in PREIT. *See Motion of The Debtors for Entry of an Order (I) Scheduling the Combined Hearing on Adequacy of The Disclosure Statement and Confirmation of the Prepackaged Plan, (II) Establishing Deadlines to Object to the Disclosure Statement and Prepackaged Plan, (III) Approving the Prepetition Solicitation Procedures, (IV) Approving the Form and Manner of the Combined Hearing Notices, (V) Approving Notice and Objection Procedures for the Assumption of Executory Contracts and Unexpired Leases, (VI) Conditionally Directing that a Meeting of Creditors Not Be Convened, (VII) Waiving the Requirement of Filing Schedules, Statements of Financial Affairs and Rule 2015.3 Reports, (VIII) Limiting the Requirement As to Certain Equity Security Holdings Disclosures and (IX) Granting Related Relief.*

[2] The equity position reflected in this List of Equity Security Holders is based on the Schedule 13D filing with the U.S. Securities and Exchange Commission dated July 12, 2023.

<table>
<tr><td colspan="2" style="background:black;color:white;">Fill in this information to identify the case and this filing:</td></tr>
<tr><td colspan="2">Debtor Name <u>Pennsylvania Real Estate Investment Trust</u></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the: _____ <u>District of Delaware</u><br>(State)</td></tr>
<tr><td colspan="2">Case number (<i>If known</i>): _____</td></tr>
</table>

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule* _____

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    *Other document that requires a declaration* <u>List of Equity Security Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>12/10/2023</u>                              <u>/s/ Lisa Most</u>
                   MM / DD / YYYY                    Signature of individual signing on behalf of debtor

                                                     <u>Lisa Most</u>
                                                     Printed name

                                                     <u>Executive VP / General Counsel</u>
                                                     Position or relationship to debtor